DECISION AND JOURNAL ENTRY
Appellant, Clifford J. Godfrey, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
 I.
On April 1, 1999, Alesia Larry ("Ms. Larry"), who was fourteen years old, met Mr. Godfrey, who was approximately thirty years old, at a social gathering at the house of Stacy and Charles Lopp. Ms. Larry is six-feet tall. That afternoon, Ms. Larry asked Mr. Godfrey to purchase some alcohol for the two of them. She gave him five dollars and waited outside of the store while he purchased some alcoholic beverages and cigarettes. The two of them returned to the Lopps' house and consumed the beverages. Later in the evening, Ms. Larry and Mr. Godfrey went to his friend's, Arthur Cook's, house to borrow some money. Then, Mr. Godfrey and Ms. Larry went to another store, where Mr. Godfrey purchased more liquor. They subsequently walked to the waterfall on Case Avenue, where they each drank a significant quantity of alcohol, causing Ms. Larry to become extremely intoxicated. Ms. Larry and Mr. Godfrey then had sexual intercourse on the rocks beside the waterfall. Afterwards, on the way back to the Lopps' house, Mr. Godfrey had to assist Ms. Larry because she was having difficulty walking due to her drunkenness. At the Lopps' residence, they went into a spare bedroom and had sexual intercourse again. The following morning, they took a shower together and eventually left each other's company.
On April 8, 1999, the Summit County Grand Jury indicted Mr. Godfrey on one count of corruption of a minor, in violation of R.C. 2907.04. A jury trial was held on August 23 and 24, 1999. In a verdict journalized on August 27, 1999, Mr. Godfrey was found guilty and was sentenced accordingly. Mr. Godfrey was also adjudged to be a sexually oriented offender, pursuant to R.C. Chapter 2950. This appeal followed.
Mr. Godfrey asserts two assignments of error. We will discuss each in turn.
 II. A. DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE WAS INSUFFICIENT EVIDENCE PRODUCED AT TRIAL TO SUPPORT THE VERDICT.
Mr. Godfrey avers that his conviction for corruption of a minor was against the manifest weight of the evidence, as there was insufficient evidence produced at trial to support the verdict. He specifically argues that the jury clearly lost its way and created a manifest miscarriage of justice in finding that Mr. Godfrey knew or was reckless in regard to knowing Ms. Larry's age. We disagree.
Although Mr. Godfrey makes both a sufficiency and a manifest weight argument, an evaluation of the weight of the evidence is dispositive of both issues in this case. However, as a preliminary matter, we note that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,387.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Statev. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy." Thompkins,78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Appellant was convicted of corruption of a minor, in violation of R.C. 2907.04(A). To be convicted under R.C.2907.04(A), the state must prove beyond a reasonable doubt that the defendant
 who is eighteen years of age or older engage[d] in sexual conduct with another, who [wa]s not the spouse of the offender, when the offender kn[ew] the other person [wa]s thirteen years of age or older but less than sixteen years of age, or the offender [wa]s reckless in that regard.
 "A person acts knowingly * * * when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Furthermore, the mental state of recklessness is defined as follows:
 [a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
R.C. 2901.22(C).
In the case at bar, it is undisputed that Ms. Larry was fourteen years old and Mr. Godfrey was thirty years old at the time of the sexual conduct, and that she was not his spouse. The crux of Mr. Godfrey's argument is that he did not have the requisite culpable mental state regarding Ms. Larry's age. Mr. Godfrey avers that he did not know Ms. Larry's age or act recklessly with regard to knowing her age, as Ms. Larry was six-feet tall and partook in activities more properly reserved for adults, namely staying out all night, drinking alcoholic beverages, and smoking cigarettes. However, after carefully reviewing the record, we find that the jury did not commit a manifest miscarriage of justice in concluding that Mr. Godfrey acted recklessly or with knowledge of Ms. Larry's age. Although Mr. Godfrey avers that he did not learn of Ms. Larry's actual age until the morning after the sexual conduct, Ms. Larry testified that she repeatedly told Mr. Godfrey that she was only fourteen years old. She testified that she told him that she was fourteen years old before they had sexual relations. Furthermore, even though appellant testified at trial that he thought that Ms. Larry looked eighteen or nineteen years of age, he told Detective Morrison of the City of Akron Police Department during an earlier interview[1] that when Ms. Larry asked him to guess her age, he responded that she looked as though she was fourteen years old. Also, Ms. Larry asked Mr. Godfrey to purchase alcohol for her as she did not have the requisite identification, and he did. Moreover, the jury was able to view Ms. Larry's physical appearance when she testified at trial. Hence, after thoroughly examining the record, we conclude that the jury did not act against the manifest weight of the evidence in deciding that Mr. Godfrey acted recklessly with regard to knowing Ms. Larry's age or with knowledge of Ms. Larry's age.
Consequently, we conclude that Mr. Godfrey's assertion that the state did not produce sufficient evidence to support a conviction, therefore, is also without merit. See Roberts, supra, at 4. Mr. Godfrey's first assignment of error is overruled.
 B. OHIO REVISED CODE SECTION 2950.09(B)(2) IS UNCONSTITUTIONALLY VAGUE IN SETTING FORTH THE CRITERIA BY WHICH THE COURT IS TO DETERMINE WHICH INDIVIDUALS ARE TO BE LABELED SEXUAL PREDATORS.
In his second assignment of error, Mr. Godfrey argues that R.C. 2950.09(B)(2) is unconstitutionally vague because it fails to provide notice to an ordinary person as to what actions will be considered in determining whether a defendant will be labeled a sexual predator. However, this court previously has held that R.C. Chapter 2950 is not unconstitutionally void for vagueness. State v. Jameson
(Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, at 11-12; State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 12-15. As such, Mr. Godfrey's second assignment of error is hereby overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
SLABY, J. and WHITMORE, J. CONCUR.
[1] The audiotape of this interview was played for the jury at trial.